UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNESTO TOLEDO, )
)
Plaintiff, )
)
v. )        CASE NO.: 8:16-CV-03422-MSS-JSS
)
BRIGHTVIEW LANDSCAPE )
SERVICES, INC., )
)
Defendant. )
)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made this _6_ day of April, 2017, by and between ERNESTO TOLEDO ("Toledo") and BRIGHTVIEW LANDSCAPE SERVICES, INC., its parents, predecessors, successors, subsidiaries, affiliates, insurers, and their directors, officers, shareholders, owners, board members, employees, agents and attorneys both individually and in their capacities as directors, officers, shareholders, owners, board members, employees, agents and attorneys ("BrightView") (Collectively, "the Parties").

WHEREAS, Toeldo was employed by BrightView from time to time from approximately June, 2014 through August, 2016; and

WHEREAS, Toledo instituted a Complaint with the United States District Court, Middle District of Florida, Tampa Division (Case No.: 8:16-cv-03422-MSS-JSS) ("the Lawsuit") alleging violations of the Fair Labor Standards Act ("FLSA") and the Family and Medical Leave Act ("FMLA").

WHEREAS, BrightView denies liability herein, the claims made in the Lawsuit or any wrongdoing with respect to Toledo or his employment or termination of employment with BrightView;

WHEREAS, all wages concededly due to Toledo have been paid;

WHEREAS, the Parties wish to settle their differences without resort to further litigation;

WHEREAS, the Parties have agreed to enter into a separate Confidential Settlement Agreement with respect to the allegations arising under the FMLA ("FMLA Settlement");

WHEREAS, the Parties submit that this Agreement is the product of thoughtful, careful and deliberate negotiations regarding any and all issues in any way related to the Claims;

**WHEREAS,** BrightView is willing to provide Toledo with certain considerations described below, which it is not ordinarily required to, provided Toledo releases BrightView from any claims Toledo has made or might make arising out of his employment with BrightView and agrees to comply with the other promises and conditions set forth in this Agreement;

**WHEREAS,** the Parties consider this settlement reasonable in light of the nature of the violations alleged and the risks inherent in litigation; and

**WHEREAS,** the Parties have resolved this matter and wish to avoid the disruption and expense of litigation, and do not wish to be compelled to take the very risks that they wish to avoid.

2

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties as follows:

1.     **RECITALS.**   The foregoing recitals are true and correct and are incorporated herein by this reference.

2.     **RETURN OF PROPERTY.**  On the date of this Agreement, Toledo will return any and all equipment including uniforms, documents, lists, data, confidential information, trade secrets, or other property in his possession belonging to BrightView.

3.     **RELEASE OF CLAIMS.**

a.     This Agreement shall constitute a waiver and release of any and all claims Toledo has, might have or could have, under federal, state or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against BrightView, its parents, predecessors, successors, subsidiaries, affiliates, insurers, and their directors, officers, shareholders, owners, board members, employees, agents and attorneys both individually and in their capacities as directors, officers, shareholders, owners, board members, employees, agents and attorneys relating to alleged unpaid or improperly paid wages, compensation or benefits.

b.     Upon receipt of the consideration described in paragraph 4, if the Court does not otherwise dismiss the Lawsuit in full, Toledo shall execute and file a voluntary notice of dismissal, dismissing the Lawsuit with prejudice and shall dismiss

any and all other actions or proceedings that he has or might have commenced against BrightView, including, but not limited to, any proceedings commenced by Toledo with the Equal Employment Opportunity Commission, the Florida Commission on Human Relations or any other local, state or federal agency.

   c. Toledo hereby knowingly and voluntarily releases and forever discharges BrightView, its parents, predecessors, successors, subsidiaries, affiliates, insurers, and their directors, officers, shareholders, owners, board members, employees, agents and attorneys both individually and in their capacities as directors, officers, shareholders, owners, board members, employees, agents and attorneys (collectively "Releasees") of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Toledo has or might have as of the date of execution of this Agreement, including any claims arising out of Toledo's employment relationship with BrightView relating to any alleged unpaid or improperly paid wages, compensation or benefits. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under the Fair Labor Standards Act, the Florida Minimum Wage Act and any other federal, state or local law or ordinance regulating pay as of the date of this Agreement.

   d. Each party agrees to hold the other harmless from any loss, cost, damage or expense (including attorneys' fees) incurred by the enforcement of this Agreement by the prevailing party against the party in breach.

   4. **Settlement Sum and Consideration**: As consideration for signing this Agreement, and in compliance with the promises made herein, BrightView agrees to pay

Toledo the gross sum of Three-Thousand Five Hundred and No/100 Dollars ($3,500.00), less lawful deductions. This sum shall be allocated as follows:

    (a)    A total of One Thousand Five Hundred and No/100 Dollars ($1,500.00) shall be made payable as alleged wage-based damages to Toledo, for which a W-2 shall be issued;

    (b)    A total of Two Thousand and No/100 Dollars ($2,000.00) shall be made payable to Toledo's legal counsel, Wenzel Fenton Cabassa, P.A., FEI Number: 26-3957624 for attorneys' fees, for which 1099s shall be issued to Toledo and his counsel.

BrightView shall provide the consideration identified in this paragraph 4 within seven (7) calendar days after all of the following: (1) receipt of an original of this Agreement appropriately signed and dated by Toledo; (2) receipt of an original of the Confidential Settlement Agreement appropriately signed and dated by Toledo; (3) receipt of fully completed and fully-executed tax forms for all individuals/entities receiving checks for Toledo; and (4) court approval of this Agreement and the dismissal of the Lawsuit with prejudice.  The Effective Date of this Agreement shall mean the date on which the last of the four conditions set out in this Paragraph have been completed.

This Agreement shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this Agreement.

BrightView makes no representation as to the taxability of the amounts paid to Toledo.  Toledo agrees to pay his portion of any additional federal or state taxes, if any,

which are required by law to be paid by her with respect to this Agreement. Moreover, Toledo agrees to indemnify BrightView and hold it harmless from any interest, taxes or penalties it must pay on behalf of Toledo, as a result of Toledo's nonpayment of taxes that Toledo was obligated to pay on any amount contained in this Agreement.

5.      **ALL HOURS WORKED.** Toledo acknowledges and agrees that he has been paid properly for all work performed during his employment with BrightView in accordance with applicable wage and hour laws as of the date of signing this Agreement.

6.      **CONFIDENTIALITY.**

a.      Other than for purposes of submission to the Court for approval, the Parties agree to not file the Agreement with any court or agency and shall keep the contents of this Agreement, the negotiations leading up to it and the fact of the Agreement forever confidential. Neither Toledo nor BrightView may introduce this Agreement in any proceeding, except when required to seek approval of or enforcement of this Agreement or where this Agreement will be a defense.

b.      Except as referenced in subparagraph (a) above and as may be required by law, rule, regulation or subpoenas, neither Toledo nor any of his respective representatives, including but not limited to attorneys, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of this Agreement; (ii) the facts surrounding this Agreement; (iii) the existence of this Agreement; or (iv) any matters pertaining to this Agreement; except that, upon any inquiry with respect to the above matters, Toledo or his representatives, will state only that "...any issues with regard to Toledo's relationship with BrightView have been resolved to the satisfaction of all

parties concerned." Such limitation does not include Toledo's disclosure of such information to his respective spouse, any attorneys, accountants and professional tax advisers with whom he chooses to consult or seek advice regarding his consideration of and decision to execute this Agreement. Nothing herein shall proscribe or prohibit Toledo from answering questions truthfully in response to being questioned pursuant to a subpoena.

c.      Toledo agrees that he shall and will not make, in writing or orally, any disparaging, defaming, or derogatory remarks about BrightView and/or its owners, officers, trustees, employees, services, and/or business practices.

7.      **OPPORTUNITY TO REVIEW.**

a.      Toledo acknowledges that he is aware that he is giving up all claims he has or may have against BrightView and all Releasees. In fact, Toledo has consulted with his counsel, Luis Cabassa, of Wenzel Fenton Cabassa and Toledo signs this Agreement knowingly and voluntarily.

b.      Toledo acknowledges and agrees that he has twenty-one (21) days to consider the meaning and preclusive effect of this Agreement, and to review the terms hereof with an attorney prior to execution, and are entering into it freely and knowingly. Toledo agrees that any modifications, material or otherwise, made to this Agreement do not restart or affect in any manner the original twenty-one (21) day consideration period.

8.      **WAIVER OF JURY TRIAL.** Toledo and BrightView hereby knowingly, voluntarily, and intentionally waive any right to a jury trial in respect to any

claims arising in connection with the employment relationship and/or this Agreement.

9.     **WORKPLACE INJURY.**   Toledo acknowledges that he did not suffer any workplace injuries including, but not limited to, physical injuries during his employment with BrightView that has not been fully resolved.

10.     **FUTURE EMPLOYMENT.**

a.     Toledo will not seek, take, cause or permit to be taken, any action now or at any point in the future to enter into active employment with BrightView, its parents, subsidiaries, affiliates, and their directors, officers, shareholders or owners. Toledo agrees not to knowingly apply for employment at any time henceforth with any business entity affiliated with or owned, managed or licensed, in whole or in part by including any of its parents, subsidiaries, affiliates, and their directors, officers, shareholders or owners.

b.     Toledo agrees that if he knowingly or unknowingly applies for a position with an entity of the status described in paragraph 10a herein, and is offered or accepts a position, the offer may be withdrawn, or Toledo may be terminated immediately, without notice or cause.  Toledo further agrees that, in the event of such an offer and withdrawal, or hiring and termination, as described in this paragraph, Toledo waives any right to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer, or termination of employment as described in paragraph 10.

11.     **NONADMISSION OF WRONGDOING.**   Toledo agrees that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by BrightView of any

liability or unlawful conduct of any kind.

12.     **SEVERABILITY.**  Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

13.     **VENUE, GOVERNING LAW AND INTERPRETATION.**   This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

14.     **ENTIRE RELEASE.**  This Agreement, along with the Confidential Settlement Agreement referenced herein, set forth the entire agreement between Toledo and BrightView, and they supersede any and all other prior oral or written agreements, understandings, representations or warranties between the parties.  Toledo acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

15.     **NO INTERFERENCE WITH RIGHTS.  Toledo understands that nothing in this Agreement, including but not limited to paragraph 6, shall be construed to prohibit Toledo from filing a charge or complaint with, or participating in any investigation or proceeding conducted by the National Labor Relation Board, the Equal Employment Opportunity Commission, the Florida**

Commission on Human Relations and/or any federal, state or local agency, although by signing this Agreement, Toledo understands that he is waiving his right to receive individual relief based on claims asserted in any such charge or complaint, except where such a waiver is prohibited. Toledo further understands that nothing in this Agreement shall be construed to prohibit him from exercising his rights under Section 7 of the National Labor Relations Act. Toledo understands that his release of claims as contained in this Agreement does not extend to any rights he may have under any laws governing the filing of claims for unemployment and/or workers' compensation benefits. Toledo further understands that nothing herein shall be construed to prohibit him from (a) challenging BrightView's failure to comply with its promises to make payment, provide other consideration under this Agreement and comply with the other conditions of this Agreement; (b) asserting his right to any vested benefits to which he is entitled pursuant to the terms of the applicable plans and/or applicable law; and/or (c) asserting any claim that cannot lawfully be waived by private agreement.

16.  **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written Agreement which is both signed by all parties and which makes specific reference to this Agreement.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, THE PARTIES HAVE BEEN GIVEN THE OPPORTUNITY TO BE REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE EXECUTED THIS AGREEMENT KNOWINGLY

AND VOLUNTARILY.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, TOLEDO FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, EXECUTES THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST AND THE RELEASEES ARISING PRIOR TO THE EXECUTION OF THIS AGREEMENT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: April 6th, 2017.

ERNESTO TOLEDO

STATE OF FLORIDA        )
COUNTY OF Hillsborough )

SWORN TO AND SUBSCRIBED before me this 6th day of April, 2017 by
ERNESTO TOLEDO, who is personally known to me or has produced
_____ as identification.

(Notary Signature)

(NOTARY SEAL)                    Alice Montalvo
                                 (Notary Name Printed)
                                 NOTARY PUBLIC
                                 Commission No. 8/3/2020

                                 ALICE J. MONTALVO
                                 NOTARY PUBLIC
                                 STATE OF FLORIDA
                                 Comm# FF987024
and                              Expires 8/3/2020

Dated: April ___, 2017          BRIGHTVIEW LANDSCAPE SERVICES, INC.

                                By:_____

                                    Its:

12